# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2020AP1271-AC |

| | |
|---|---|
| COMPLETE TITLE: | James Sewell and George Meyers, |
| | Petitioners-Appellants-Petitioners, |
| | Dennis Montey, |
| | Petitioner-Appellant, |
| | v. |
| | Racine Unified School District Board of Canvassers, YES for Our Children , A Referendum Committee, Chelsea Powell and The Racine Unified School District, |
| | Respondents-Respondents. |

REVIEW OF A SUMMARY OPINION OF THE COURT OF
APPEALS

| | |
|---|---|
| OPINION FILED: | April 12, 2022 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | November 22, 2021 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Racine |
| JUDGE: | Michael J. Piontek |

JUSTICES:

ROGGENSACK, J., delivered the majority opinion for a unanimous
Court.

NOT PARTICIPATING:

ATTORNEYS:

For the petitioners-appellants-petitioners, there were briefs filed by *M. Samir Siddique, Gary E. Grass, Vincent J. Bobot* and *Siddique Law, LLC*, Milwaukee. There was an oral argument by *M. Samir Siddique*.

For the respondents-respondents YES for Our Children and Chelsea Powell, there was a brief filed by *Christopher M. Meuler* and *Meuler Law, LLC*, Wauwatosa and *Rebecca K. Mason* and *Rebecca*

*Mason Law, LLC,* Racine. There was oral argument by *Christopher M. Meuler.*

For the respondents-respondents Racine Unified School District Board of Canvassers and the Racine Unified School District, a brief was filed by *Matthew W. O'Neill* and *Fox, O'Neill & Shannon, S.C.,* Milwaukee. There was oral argument by *Matthew W. O'Neill.*

An amicus curiae brief was filed on behalf of Law Forward, Inc. by *Jeffrey A. Mandell, Douglas M. Poland, Rachel E. Snyder* and *Stafford Rosenbaum LLP*, Madison and *Mel Barnes* and *Law Forward, Inc.*, Madison.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2020AP1271-AC
(L.C. No.  2020CV1023)

STATE OF WISCONSIN                :      IN SUPREME COURT

**James Sewell and George Meyers,**

      **Petitioners-Appellants-Petitioners,**

**Dennis Montey,**

      **Petitioner-Appellant,**

  **v.**

**Racine Unified School District Board of Canvassers, YES for Our Children, A Referendum Committee, Chelsea Powell and The Racine Unified School District,**

      **Respondents-Respondents.**

**FILED**

**APR 12, 2022**

Sheila T. Reiff
Clerk of Supreme Court

ROGGENSACK, J., delivered the majority opinion for a unanimous Court.

REVIEW of a decision of the Court of Appeals.  *Affirmed.*

¶1   PATIENCE DRAKE ROGGENSACK, J.   We review the decision of the court of appeals,[1] which summarily affirmed the decision

---

[1] James  Sewell  v.  Racine  Unified  Sch.  Dist.  Bd.  of Canvassers, No. 2020AP1271-AC, unpublished order (Wis. Ct. App. Mar. 17, 2021).

of the circuit court[2] affirming the results of the referendum recount conducted pursuant to Wis. Stat. § 9.01 (2019-2020).[3] On our review, the petitioners, James Sewell and George Myers (hereinafter collectively referred to as "Sewell"), ask us to reverse the court of appeals and remand to the circuit court. They urge us to conclude that the Racine Unified School District Board of Canvassers ("Board of Canvassers") incorrectly calculated the recount's vote totals and that Sewell has an absolute right pursuant to Wis. Stat. § 7.54 to have the ballots opened and reviewed in open circuit court, which has not yet occurred.

¶2    In the matter before us, the circuit court acted as an appellate decision-maker on the correctness of the recount. Wis. Stat. § 9.01(8). Sewell then appealed the circuit court's decision affirming the Board of Canvassers' recount, which the court of appeals reviewed and affirmed. We conclude that the circuit court competently and comprehensively reviewed each of Sewell's factual and legal challenges to the recount conducted by the Board of Canvassers. The circuit court noted the issue of Wis. Stat. § 7.54 as "Petitioner's Repeated Demand to Examine and Recount Ballots," but, it did not address § 7.54. The court

---

[2] The Honorable Michael J. Piontek of Racine County Circuit Court presided.

[3] All references to the Wisconsin Statutes are to the 2019-2020 version unless otherwise indicated.

of appeals summarily addressed § 7.54 contrary to Sewell's contention.[4]

¶3 Although we agree that Wis. Stat. § 7.54 appears to provide an occasion to utilize its provisions in regard to a contested election, we do not identify that here. Rather, we simply note that § 7.54 does not apply when an appeal of the result of a recount by the board of canvassers is before an appellate court. Accordingly, we affirm the decision of the court of appeals.

## I. BACKGROUND

### A. Factual Background[5]

¶4 On April 7, 2020, the voters within the Racine Unified School District ("School District") participated in a referendum to determine whether the School District would be permitted to exceed the revenue limits detailed in Wis. Stat. § 121.91. In total, the spending plan permitted the School District to exceed the revenue limits in excess of one billion dollars over the next thirty years.

¶5 The April 13, 2020 vote canvass reported that "Yes" votes exceeded "No" votes by five votes. The Board of Canvassers certified the election results as 16,748 "Yes" votes and 16,743 "No" votes. On April 15, 2020, Sewell petitioned for

---

[4] Sewell, No. 2020AP1271-AC, unpublished order, at *3.

[5] Although Sewell focused his attention on an independent right he concludes that Wis. Stat. § 7.54 provides, Respondents discuss the Board of Canvassers recount under Wis. Stat. § 9.01 as necessary foundation for better evaluating Sewell's § 7.54 claim. Accordingly, we do to some degree as well.

a recount of the referendum vote totals under Wis. Stat. § 9.01(1).

¶6 Between April 18th and 24th, in the midst of the COVID-19 pandemic, the Board of Canvassers conducted the recount. It consisted of reviewing 96 wards and more than 34,000 ballots. All of the ballots were reviewed and recounted by hand in open sessions of the Board of Canvassers. Accommodations, including the use of large projection screens and moveable carts to transport ballots so that closer inspections could be made of requested ballots, were provided to participants in the recount. When individual ward's recounts were contested and a prior decision regarding procedure used in an earlier ward's recount had been made and then changed in a later ward recount, the Board of Canvassers re-tallied the earlier ward's recount as requested by representatives observing the recount. As part of the recount procedure in some wards, the Board of Canvassers utilized "drawdowns."[6] At the end of the six-day hand recount, the ballot totals were 16,715 "Yes" votes and 16,710 "No" votes, a margin of victory of five votes.

---

[6] In instances where the number of ballots exceed the number of voters listed on the poll list, a "drawdown" is the procedure by which the board of canvassers reduces the number of absentee ballots in order to match the number of voters listed in the poll list. See Wis. Stat. § 9.01(1)(b)4.

## B. Procedural History

¶7 On May 1, 2020, Sewell appealed the results of the Board of Canvassers' recount to the Racine County Circuit Court "pursuant to Wis. Stats. §§ 9.01(6) and 9.01(7)." On May 14, 2020, the circuit court held a scheduling conference, wherein it ordered that on or before May 28, 2020, Sewell was to file a complaint "enumerating with specificity every alleged irregularity, defect, mistake or fraud" alleged in the recount as well as a supporting brief. Respondents were directed to file an answer and a supporting brief on or before June 8, 2020. Sewell was directed to file a "short reply brief responding to the briefs filed by respondents" on or before June 15, 2020. The parties complied with the court's orders. On May 19, 2020, the circuit court entered an order securing all election materials.

¶8 On June 26, 2020, Sewell filed a "Repeated Demand to Examine and Recount Ballots." In it, Sewell alleged a right to have the ballots opened in circuit court. Sewell contended that Wis. Stat. § 7.54 "creates an absolute right" to do so. This was the first time § 7.54 was raised in the appeal of the recount proceedings, which had commenced under the provisions of Wis. Stat. § 9.01 at Sewell's request.

¶9 The circuit court concluded that "the procedure utilized by the [Board of Canvassers] did not deny the right of anyone to view, request or challenge any action taken during the recount." The court further characterized Sewell's complaint as a "misunderstand[ing of] the basic nature of a recount" and

5

ultimately concluded that "[a] review of the records, procedure and facts, herein, cause[d it] to find that the procedure utilized by the [Board of Canvassers] in this recount was proper and provided an accurate result." Accordingly, the circuit court affirmed the results of the recount. Sewell appealed that decision to the court of appeals.

¶10  In addressing Sewell's argument that Wis. Stat. § 7.54 gave him an absolute right to have the ballots opened in open court, the court of appeals was not persuaded that the statute aided his argument.[7]  It noted that, although the statute authorized the ballots to be opened in court, it did not require that a court do so. In Sewell's case in particular, the court of appeals reasoned that opening the ballots was unwarranted because "(1) the ballots had already been opened by the [Board of Canvassers] during its recount; and (2) the circuit court found that 'the procedure utilized by the [Board of Canvassers] in this recount was proper and provided an accurate result.'"[8] Because Sewell did not demonstrate that the court's factual findings were not supported by substantial evidence, the court of appeals summarily affirmed the circuit court's decision.

¶11 We granted Sewell's petition for review.  We are tasked with determining whether Wis. Stat. § 7.54 provides Sewell an avenue for requiring the circuit court to open the referendum ballots during his appeal of the recount.

---

[7] Sewell, No. 2020AP1271-AC, unpublished order, at *3.

[8] Id.

## II. DISCUSSION

### A. Standard of Review

¶12 In this case, the procedure for review of an appeal of a recount is set out by statute. Under Wis. Stat. § 9.01(8)(d), the circuit court shall set aside or modify the determination of the board of canvassers if "it finds that the board of canvassers . . . has erroneously interpreted a provision of law and a correct interpretation compels a particular action." Moreover, if the determination "depends on any fact found by the board of canvassers . . . the court may not substitute its judgment for that of the board of canvassers . . . as to the weight of the evidence on any disputed finding of fact." § 9.01(8)(d). See also Roth v. LaFarge Sch. Dist. Bd. of Canvassers, 2001 WI App 221, ¶36, 247 Wis. 2d 708, 634 N.W.2d 882 (instructing that because "the board is the trier of fact, its findings must be upheld if they are supported by substantial evidence.").

¶13 The circuit court is required to treat disputed issues of law and findings of fact separately. Wis. Stat. § 9.01(8)(b). It is well established that "[i]ssues of statutory interpretation and application present questions of law" that we review independently. James v. Heinrich, 2021 WI 58, ¶15, 397 Wis. 2d 516, 960 N.W.2d 350 (citing Police Ass'n v. City of Milwaukee, 2018 WI 86, ¶17, 383 Wis. 2d 247, 914 N.W.2d 597).

### B. Recount

7

¶14   Under Wisconsin election statutes, "chs. 5 to 12 shall be construed to give effect to the will of the electors, if that can be ascertained from the proceedings."  Wis. Stat. § 5.01(1). Chapter 9, entitled "Post-Election Actions," and Wis. Stat. § 9.01(1)(b), in particular, set forth the step-by-step procedures to be followed when a party petitions for a recount, as Sewell did here.  Although Sewell does not identify in his petition for review or brief precisely how the Board of Canvassers failed to follow its statutory duty in conducting the recount, he nevertheless claims error that he has a right to correct under Wis. Stat. § 7.54.

¶15   In its decision on Sewell's appeal of the recount, the circuit court concluded that, from the entirety of the record, the procedures utilized by the Board of Canvassers were "open and fair and did not deny any observer the meaningful, statutory or constitutional right to observe, object or otherwise participate in the recount."  As the circuit court correctly explained, the amended complaint shows that Sewell misunderstood what a recount actually is.[9]  In addition, Sewell has identified no specific errors by the Board of Canvassers, for which he has sought our review.

## C.  Wisconsin Stat. § 7.54

---

[9] Because the recount procedure constitutes an audit of the entire election process, the recount may change the original vote total.  Stated otherwise, the total number of votes after a recount is conducted may be different than the total number of votes tallied on election day.  See, e.g., Wis. Stat. § 9.01(1)(b)4.b.

¶16 As a final means of challenging the vote totals in the referendum recount, Sewell asserts an independent right to have the ballots opened and re-examined in open circuit court as part of his appeal of the recount. This right, Sewell reasons, originates in Wis. Stat. § 7.54 which states:

> In all contested election cases, the contesting parties have the right to have the ballots opened and to have all errors of the inspectors, either in counting or refusing to count any ballot, corrected by the board of canvassers or court deciding the contest. The ballots and related materials may be opened only in open session of the board of canvassers or in open court and in the presence of the official having custody of them.

Sewell argues that because this is a contested election, he has an absolute right to have the ballots opened in open court and to have any errors corrected. However, rather than mandating another complete recount, Sewell argues that § 7.54 contains within it two limitations that aid him in this case. First, he argues that not all ballots will be recounted, only those that may contain errors.[10] Second, Sewell argues that the errors to be corrected are strictly limited to objective errors, not any error that would override the intent of the voters.[11] In support of this argument, Sewell relies on a 1933 case: State ex rel. Graves v. Wiegand, 212 Wis. 286, 249 N.W. 537 (1933).

¶17 In Wiegand, a candidate challenged the results of a recount under a predecessor statute of Wis. Stat. § 7.54[12] by

---

[10] See Pet. Br., 18 n.9.

[11] See Pet. Br., 19 n.10 (citing Wis. Stat. § 5.01(1)).

[12] The statute interpreted in State ex rel. Graves v.

arguing that the ballots were improperly preserved. Id. at 288. The circuit court, rather than opening the ballots and recounting them, upheld the result of the recount by finding that no ballot tampering had occurred. Id. at 290. As we affirmed the circuit court's finding, we explained that "[b]allots remaining in the form in which they were cast contain the expression of the will of the voters and should be consulted as the best evidence of the fact in issue." Id. at 293. Sewell, seizing upon this declaration, argues that the "best evidence" to correct the counting errors at issue is the ballots themselves. Under his statutory reading of § 7.54 and Wiegand, he contends that the circuit court should honor his right to have the ballots re-opened and examined for mathematical errors.

¶18 We note that Wiegand did not arise in the course of an appeal of a recount done by a board of canvassers, which is the proceeding that we have before us. It arose under a claim that the evidence (ballots cast) was not sufficient to support the results reported for the election because the rules governing ballot preservation and security are mandatory and were not followed. Id. at 290. It was argued that this failure in

---

Wiegand, 212 Wis. 286, 291, 249 N.W. 537 (1933) provided:

> In all cases of contested elections the parties contesting the same shall have the right to have said ballots opened, and to have all errors of the inspectors in counting or refusing to count any ballot, corrected by the court or body trying such contest, but such ballots shall be opened only in open court or in open session of such body and in the presence of the officer having the custody thereof.

10

ballot security caused ballots to be insufficient evidence "to impeach the result declared by the board of canvassers," and therefore, those election results must stand. Id. at 290-91. Further, although a recount had been requested, a full recount was not done by the circuit court. Rather, the circuit court determined that election officials made some errors, "but under the proof presented the irregularities d[id] not amount to a destruction of the integrity of the ballots." Id. at 293. Therefore, there was no basis for the court to mistrust the ballots and recount the ballots or set aside the vote. Id. at 296.

¶19 Although Wiegand does not support Sewell's contention that the circuit court must open all the ballots in open court, his contention does cause us to interpret the words employed in Wis. Stat. § 7.54 to determine whether § 7.54 applies to the process that is to be used in an appeal of a recount. As we have noted many times previously, statutory interpretation begins with the language of the statute. State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the words are plain and unambiguous, a court's inquiry generally ends and there is no need to consult extrinsic sources of interpretation, such as legislative history. Id., ¶¶45, 46. In addition to the plain words of the text, "[c]ontext is important to meaning. So, too, is the structure of the statute in which the operative language appears." Id., ¶46.

11

¶20  Wisconsin Stat. § 7.54 is addressed to "errors of the inspectors, either in counting or refusing to count any ballot." It provides that these "errors" should be "corrected by the board of canvassers or [the] court deciding the contest."  In the appeal now before us, Sewell does not claim errors of "inspectors."  Rather, in the complaint that Sewell filed in the Racine County Circuit Court, he focuses solely on alleged errors of the Board of Canvassers during their recount.  Therefore, Sewell's categorical error renders his challenge improperly raised in this instance.

¶21  However, if it were properly raised, Wis. Stat. § 7.54 appears to allow ballots to be opened and errors corrected either by the board of canvassers or the circuit court.[13] Sewell, recognizing that the Board of Canvassers has already opened all the ballots in its recount, cites to the Wisconsin Bill Drafting Manual for the proposition that the "or" in § 7.54 is conjunctive rather than disjunctive.  Sewell quotes the Manual's explanation, which provides: "'And' is conjunctive, and 'or' is disjunctive.  If you wish to allow one or both of two alternatives and the disjunctive is not clearly apparent from the context, phrase your statement like a penalty provision ( ... or ... or both)."  Perhaps in recognition that this provision of the manual undercuts his argument because § 7.54

---

[13] We do not attempt to identify how Wis. Stat. § 7.54 might be used in some other type of proceedings because our review is limited to a Wis. Stat. § 9.01 appeal from the recount of the Board of Canvassers.

12

does not contain the "or both" language, Sewell contends that the "[statute] here is the same, except that the coordinate antecedent phrase is omitted." Rather, Sewell reasons, the conjunctive nature of the "or" is "implied."

¶22 We conclude that the "or" in Wis. Stat. § 7.54 may be read either as inclusive or exclusive without affecting our determination of the matter pending before us. Under an inclusive interpretation, the statute is satisfied if both the board of canvassers and the circuit court open the ballots, and it is satisfied if only one entity opens the ballots. Here, the Board of Canvassers opened the ballots.[14]

¶23 While Wis. Stat. § 7.54 refers to "contested election cases," it gives no indication that it is to be employed during an appeal challenging a board of canvassers' counting of ballots during a Wis. Stat. § 9.01 recount. However, although nothing in § 7.54 mentions an appeal of a recount, for the sake of meeting Sewell's argument, we assumed, without deciding, that it could have applied. And, it is the Board of Canvassers' recount that Sewell appealed to the circuit court pursuant to Wis. Stat. §§ 9.01(6) and (7) and to which the circuit court applied § 9.01(8). Accordingly, we have reviewed the § 9.01 recount by the Board of Canvassers, where all ballots were opened.

---

[14] Furthermore, because the Board of Canvassers opened the ballots in this case, under an "exclusive" interpretation of "or" as used in Wis. Stat. § 7.54, the statute is satisfied here too.

¶24 The circuit court already conducted a thorough factual review of the procedures utilized by the Board of Canvassers in granting or denying access to certain election materials and determined that the Board of Canvassers reasonably exercised its authority.

¶25 What is before us is not an action based on claimed errors of "inspectors." Accordingly, while Wis. Stat. § 7.54 applies to contested elections, it does not apply to this appeal that challenges the results of a recount based on alleged errors by the Board of Canvassers. Therefore, we affirm the decision of the court of appeals.

### III. CONCLUSION

¶26 We conclude that the circuit court competently and comprehensively reviewed each of Sewell's factual and legal challenges to the vote recount conducted by the Board of Canvassers. The circuit court noted the issue of Wis. Stat. § 7.54 as "Petitioner's Repeated Demand to Examine and Recount Ballots," but, it did not address § 7.54. The court of appeals summarily addressed § 7.54 contrary to Sewell's contention.

¶27 Although we agree that Wis. Stat. § 7.54 appears to provide an occasion to utilize its provisions in regard to a contested election, we do not identify that here. Rather, we simply note that § 7.54 does not apply when an appeal of the result of a recount of the board of canvassers is before an appellate court. Accordingly, we affirm the decision of the court of appeals.

14

*By the Court.*—The decision of the court of appeals is affirmed.

1